IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,669-01, WR-76,669-02 & WR-76,669-03






EX PARTE MICHAEL ASIBEY OSEI, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W03-48341-M(A), W03-48342-M(A) & W03-48343-M(A) 

IN THE 194TH DISTRICT COURT

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of aggravated assault of a public servant in a consolidated trial, and one charge of aggravated robbery
in a separate trial. Applicant was sentenced to forty years' imprisonment for each of the aggravated
assault of a public servant cases, to be served consecutively with a fifty-year sentence in the
aggravated robbery case. The Fifth Court of Appeals affirmed his convictions in two separate
opinions. Osei v. State, No. 05-04-00389-CR & 05-04-00390-CR (Tex. App. - Dallas, April 22,
2005), and Osei v. State, No. 05-03-01428-CR (Tex. App. - Dallas, August 24, 2004).

 Applicant contended that he retained counsel to file petitions for discretionary review in all
three cases, but that counsel failed to timely file the petitions, causing Applicant to lose his
opportunity to have this Court consider the merits of his petitions. On November 23, 2011, this
Court remanded to the trial court to give Applicant's retained PDR counsel an opportunity to respond
to Applicant's allegations.

 While the cases were pending on remand in the trial court, Applicant filed two supplemental
habeas applications in each case, raising additional grounds for review. In the -01 case, Applicant
also filed a motion to withdraw his out-of-time PDR claim, and to pursue his supplemental claims
instead. The supplemental records received by this Court after remand contain a copy of this motion
in the -01 case, but not in the -02 and -03 cases. Applicant's supplemental claims in the -01
application were that the trial court lacked jurisdiction, that he received ineffective assistance of trial
counsel, and that his sentences constitute cruel and unusual punishment. In the -02 and -03
applications, Applicant's supplemental claims also included knowing use of perjured testimony.

 On September 19, 2012, the trial court signed supplemental findings of fact and conclusions
of law in the -01 and -02 cases. The trial court signed supplemental findings of fact and conclusions
of law in the -03 case on September 20, 2012. In the -01 supplemental findings of fact, the trial court 

recommends granting Applicant an out-of-time PDR in that case. The findings do not address the
motion to withdraw the out-of-time PDR claim in that case, and do not address any of the claims
raised in Applicant's supplemental applications. The supplemental record does not contain an
affidavit from Applicant's PDR counsel, as this Court's original remand order required.

 In the -02 case, the trial court finds that Applicant abandoned his original request for relief
and substituted the cruel and unusual punishment claim. The trial court recommends that the -02
application be denied. The supplemental record in the -02 case does not contain a motion to
withdraw or substitute the claims in question, and the trial court's supplemental findings do not
address Applicant's other supplemental claims (lack of jurisdiction, ineffective assistance of trial
counsel, and knowing use of perjured testimony). 

 In the -03 case, the trial court finds that Applicant did not, in fact, retain the same attorney
he retained to file a PDR in the -01 and -02 cases. In the -03 case, an extension was requested and
granted for the filing of a PDR, but no PDR was ever filed. The trial court finds that Applicant was
at fault in that case for failing to either file a pro se petition, or retain an attorney to file a petition
on his behalf. The trial court recommends denying the -03 application, but again does not address
the claims raised in Applicant's supplemental applications.

 On September 20, 2012, this Court received a telephone call from attorney Bruce Anton,
stating that Applicant now wants to withdraw all of his claims in these three cases. No motion to
withdraw the applications has been filed in this Court. 

 The supplemental records in these cases are not sufficient to address Applicant's habeas
claims, and the trial court's supplemental findings of fact and conclusion of law in these cases are
not supported by the records. 

 The trial court shall conduct a live habeas hearing in these cases. The trial court shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. The purpose of the hearing shall be to determine which grounds for review
Applicant wishes to abandon, and which, if any, he wishes to pursue. In addition, if Applicant does
not wish to abandon some or all of his claims, the hearing shall address those claims. If Applicant
wishes to pursue his out-of-time PDR claims, and if the trial court has not yet afforded Applicant's
retained PDR counsel the opportunity to submit an affidavit stating why he did not timely file
Applicant's petitions for discretionary review, the trial court shall do so, or the trial court may order
counsel to testify at the habeas hearing. In the -03 case, Applicant's appellate counsel shall be
ordered to either submit an affidavit or testify at the habeas hearing as to whether she advised
Applicant of the court of appeals' decision in that case, and of his right to pursue discretionary
review pro se. 

 Following the hearing, the trial court shall supplement the habeas records with a transcript
of the habeas hearing, and with any affidavits filed by PDR counsel or appellate counsel. The trial
court shall make findings of fact and conclusions of law as to any grounds for review which have
not been abandoned by Applicant.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 21, 2012

Do not publish